## IN THE MATTER OF THE SLATER MUTUAL FIRE INSURANCE COMPANY.

An assessment made by the receiver of the Slater Mutual Fire Insurance Company *held* not invalid because he had assessed for dividends due parties insured in the "Manufacturers' Class" of said company, inasmuch as such dividends being due parties so insured might properly be considered in making up the amount necessary to be assessed to pay all the debts of the company.

One liable to assessment in a mutual insurance company cannot avoid his assessment, by proving that it had been made as well upon parties not liable as upon parties liable thereto, for the reason that even if this be so, he has no ground of complaint, the burden upon him being actually diminished thereby.

Parties insured in a mutual insurance company gave premium notes in the following form: —

The Slater Mutual Fire Insurance Company.

"Deposit Note,                                                    Policy No.
    For value received I promise to pay the Slater Mutual Fire Insurance Company, or
their order,                          dollars, at such times and by such instalments as the
Directors of said Company shall, from time to time, assess and order, pursuant to the
Charter and By-Laws of said Company."

*Held*, that the statute of limitations did not begin to run against such notes until an as-
sessment had been made thereon to pay losses incurred.

Although a notice has been given by public advertisement, by the receiver of a mutual
insurance company, to all persons to present their claims against the same within a spe-
cified time, an assessment made against said company by the receiver of another com-
pany after the time named in such notice has expired and an assessment has been made
based upon the claims presented in accordance therewith, must, if otherwise justly due,
be paid in the same proportion in which other claims are paid, provided there still
remain in the hands of such first named receiver, at its presentation, sufficient funds
therefor.

To justify an assessment by a mutual insurance company upon an alleged lost or missing
note, proof must be furnished of its having at some time existed unpaid and uncancelled,
and the records of the company stating the giving of such a note do not furnish sufficient
evidence thereof, as the books of a corporate company are not evidence, as against a
member of the corporation, of his contracting with the company.

APPLICATION by the receiver of the National Mutual Fire In-
surance Company, for instructions whether he should pay certain
assessments made upon said company by the receiver of the Slater
Mutual Fire Insurance Company.

At the hearing of the application the receiver of the Slater
Mutual Fire Insurance Company was examined, and testified,
among other things, that he was appointed receiver February 18,
1867; that the policy holders of the company were organized in
three classes, the general class, the dwelling-house department,
and the manufacturers' class, each of the two latter being organ-
ized as separate classes, not responsible for losses in any other
class; that all the debts for losses at the time he was appointed
receiver were under policies in the general class, and that in addi-
tion to making an assessment upon policy holders to cover the
losses of the company, he had increased it for the purpose of pay-
ing to policy holders in the manufacturers' class funds belonging
to the said class which had been absorbed by the general class
previous to his appointment, but which properly should have been
paid back as a dividend to the said manufacturers' class.

He also testified that the records of the Slater Mutual Fire
Insurance Company showed that one policy, being No. 3390, was
issued by the said company to the National Mutual Fire Insur-
ance Company, July 16, 1861, said policy continuing in force for
one year from that date; that said policy stated on its face that

it was in consideration of $62.50 as premium, together with their note of hand, dated July 16, 1861, for $625 as deposit, which note was found among the assets of the company, and was in the following form : —

$625.               POLICY, No. 3390.

PROVIDENCE, *July* 16, 1861.

**DEPOSIT NOTE.**    For value received, we promise to pay the SLATER MUTUAL FIRE INSURANCE COMPANY, or their order, six hundred and twenty-five $\frac{1}{100}$ dollars, at such times and by such instalments as the directors of said company shall from time to time assess and order, pursuant to the charter and by-laws of said company.

National Mutual Fire Insurance Company,

GEO. L. CLARKE, *Treas.*

He further testified that the records showed that one certain other policy, being No. $3786\frac{1}{2}$, was issued by the Slater Mutual Fire Insurance Company to the National Mutual Fire Insurance Company, May 9, 1862, said policy continuing in force from that date until it was cancelled by the company, February 20, 1863, and that said policy stated on its face that it was in consideration of $60 as premium, together with their note of hand, dated May 9, 1862, for $300 as deposit, that said cash premium stood in the accounts of the company as actually paid, the entry being in the same handwriting with the other entries in the same connection, but that he had not been able to find the deposit note, and had no evidence that it was ever given except that of the record as stated.

He further testified that he did not give notice of this claim until after the time had elapsed within which the receiver of the National Company had advertised for claims against his company to be brought in, previously to making his assessment, nor until after the latter's assessment was actually made, because at that time he (the receiver of the Slater Company) had not discovered that his company had any claim against the other, but that he did give notice as soon as he was prepared to do so, and before the receiver of the National Company had divided out any of the funds realized from his assessment, and before he had obtained or applied for any order for paying out such funds.

The reasons suggested by the receiver of the National Company why he should not be required to recognize the validity of these assessments are set out in the opinion of the court.

*C. Farnum*, Receiver of the Slater Mutual Fire Insurance Company, *pro se ipso.*

*J. F. Tobey*, Receiver of the National Mutual Fire Insurance Company, *pro se ipso.*

BRAYTON, C. J.   At the October Term of this court, 1866, the Slater Mutual Fire Insurance Company being then insolvent, the court appointed Caleb Farnum receiver of said corporation, in order to wind up its affairs and pay its debts and liabilities. At the October Term, 1868, upon the application of said receiver, the court passed a decree pursuant to chapter 615 of the statutes, enacted March 28, 1866, authorizing and directing the said receiver "to make an assessment for the sum of $35,252.96, for the payment of the debts of said corporation, with the incidental expenses of assessing and collecting the same, and all costs and expenses of closing up the business of the said corporation, including a reasonable compensation of said receiver to be allowed by the court — such assessment to be made as near as may be pursuant to the provisions of the charter of the company."

The charter required that every person insured, who thereby became a member of the company, should deposit with the company a premium note, subject to assessment for losses, to be made at such time as the directors should find assessments necessary for the payment of losses, and in such case, the assessment to be made upon the premium notes on policies in force at the time of the loss.

The receiver has assessed, as well the sum necessary to pay losses as all other sums necessary for the payment of debts and the expenses of winding up the business, upon these premium notes, adding to the several assessments for losses a proportion of all other expenses, ratably in proportion to the losses to be assessed for, as being a mode of assessment as near as may be to that provided by the charter, and has assessed a portion of the same upon a premium note made by the National Mutual Fire Insurance Company, dated July 16, 1861, for $625, the amount of assessment being $10.53, and also upon another note of that company, dated May 9, 1862, for $900, the amount of assessment being $275.88.

These assessments having been presented for payment, and payment thereof demanded of John F. Tobey, Receiver of said National Mutual Fire Insurance Company, in whose hands are the assets of said company, for the purpose of winding up its affairs and closing up its business, he asks the instructions of this court, as such receiver, if he shall pay these assessments, and if so, in what manner and out of what fund. And he suggests various reasons why he should not pay them, or recognize them as valid against him or his company : —

First, that the assessment is invalid in this, that the assessment is made for dividends due and not paid in the manufacturers' class. These were suggested as items, because there were persons to be assessed who had a claim to such dividends, and might and would claim probably to offset it against any assessment made upon their deposit notes, not to raise money to pay this dividend, but to guard against diminution of the sum assessed by an offset of this character. It was proper to be considered, in making up the amount necessary to be assessed, to wind up the company. It seems to us to be no sufficient objection to this assessment, it being necessary to insure the payment of all the liabilities of the company.

Another reason urged is, that the receiver has assessed sums upon premium notes made by other persons, but which were not to be found then existing.

If others have been improperly assessed, it is not easy to see how the party whose note is liable to assessment is injuriously affected. The same amount is to be raised by assessment upon those who are liable, and if the amount of premium notes are thus reduced, the ratable proportion would be so much greater. But really the party assessed is not affected, and has no ground of complaint. His burden, so far from being increased, is actually diminished.

Another ground of objection is, that the claim is barred by the statute of limitations ; that six years have elapsed since the making of the deposit note. A sufficient answer to this is, that the note was not payable at once, or on demand, but is payable by instalments, upon the happening of a loss and upon assessment therefor ; and so, until an assessment is made, the statute does not begin to run, and six years have not elapsed since the assessment was made.

Another objection is, that notice was given by the receiver of the National Mutual Fire Insurance Company to all persons, to present their claims before any assessment should be made for the winding up of that company, and this claim was not then presented, nor until long after the assessment, authorized to be made for liquidating its liabilities, had been made in fact.

The assessment made by the Slater Mutual Fire Insurance Company had not then been made, and could not be then demanded or presented for payment. It was not demandable. It was presented as soon as made, and payment was then demanded, and it is conceded that there are funds with which to pay this claim, or to pay thereon a dividend of the same amount as has been paid on other claims presented.

There seems no reason why, in that state of things, this should not be recognized, and a dividend made upon it as upon other claims justly due. The notice given was not that the claim should be presented within any given time *under a penalty* and as a condition of payment. It is brought in while there are funds with which to pay.

It is said that the assessment ordered by the court must be considered as made for the payment of the claims presented before the order for assessment upon the notice given, and for those only. The statute contemplates an assessment to be made to pay *all the liabilities* of the company, and discharge all its obligations; and though the claimant may be barred by neglecting after notice to bring in these claims until the funds are exhausted, it may not be that they should be shut out for any less reason. The object is, to pay all while there are means to pay.

It is objected further, that the assessment against this company is made upon non-existing notes, assumed to have been in force at the time of the losses for which the assessment is made upon them.

The objection does not apply to the note No. 3390, on which is assessed the sum of 10 53-100 dollars, that note having been in the actual possession of the receiver at the time of assessment.

The objection is applicable only to the assessment on the deposit note assumed as existing in policy No. 3786½, purporting to have been issued May 9, 1862. A copy in the possession of the company stated that a cash premium of $60 had been paid,

and a premium note made for $900 dated May 9, 1862. On the books of the company, the cash premium is entered as actually paid, but the note is not to be found, nor is there any other evidence that it ever existed. The books of the company also show that the policy was cancelled February 20, 1863.

It might not be necessary that the note should have been existing at the time of the assessment, if there were full proof that it was lost, but it was necessary at least to prove that it was at some time existing unpaid and uncancelled. The only evidence given to prove that such a note was ever made and delivered to the company is the record of the company itself. Said evidence is not sufficient. In 1 Phil. Ev. p. 449, it is said that the books of a corporate company are not evidence, as against a member of the corporation, of his contracting with the company. This is supported by *Hill* v. *Manchester & Salford Water Works Company*, 5 B. & Ad. 866. The suit was by a member of the corporation upon a bond of the company. By the charter, the clerk was required to keep a record of all acts, proceedings, and transactions of the corporation, and every proprietor had leave to inspect the same and take copies. It was offered to show by the records that several requisitions necessary to the validity of the bond had not been complied with. No other evidence was offered. Denman, C. J., delivered the opinion, holding that in matters of contract with the corporation, a member must be deemed a stranger, citing *Dunster* v. *The Imperial Gas Light Company*, 3 B. & Ad. 125 ; and can be affected by no entry made under orders from the entire body, and in this case that the books of the company were not admissible in evidence for the purpose of establishing the facts set up against the member suing the body corporate.

Our instruction therefore is, that the receiver of the National Mutual Fire Insurance Company receive the said assessment of $10.53, made on the premium note No. 3390 as a valid claim against said company, and pay thereon such amount of dividend as may have been declared upon other liabilities of said company, and such dividends as may hereafter be made on other claims.

*Decree accordingly.*